NO. 07-09-0058-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 21, 2009
_____

BUD PURDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10,199; HONORABLE WILLIAM D. SMITH, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Bud Purdy, was convicted of aggravated assault with a deadly weapon. Appellant was sentenced to 18 years confinement within the Institutional Division of the Texas Department of Criminal Justice. It is from this judgment that appellant appeals.

Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967); In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no

reversible error upon which an appeal can be predicated. Anders, 386 U.S. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed two potential areas for appeal. The first issue discusses the lack of evidence sufficient to show that the knife in its manner and use was capable of inflicting death or serious bodily injury. Two, counsel discusses the lack of evidence sufficient to show that the victim was placed in fear of imminent bodily injury or death. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a *pro se* response. Appellant has filed a response.

By his Anders brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found that the two issues raised by counsel are at least arguable grounds.

Accordingly, we grant counsel's motion to withdraw and abate the appeal and remand to the district court. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Upon remand, the trial court shall appoint a different attorney to represent appellant in this appeal. The trial court shall further order the newly appointed counsel to file an appellant's brief, pursuant to the Texas Rules of Appellate Procedure, developing the aforementioned arguable grounds and all other grounds that might support reversal or

2

modification of the judgment. The deadline for filing appellant's brief with the clerk of this court is December 7, 2009, unless abated by this court. Thereafter, any responding brief which the State may care to submit shall be filed within 30 days after the filing of appellant's brief.

Next, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental record. The supplemental record shall be filed by the trial court with the clerk of this court on or before November 23, 2009.

Per Curiam

Do not publish.